UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND RECREATIONAL VEHICLES, LLC, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) ) |
| FOREST RIVER, INC., | ) CAUSE NO.: 3:11-CV-250-JD ) |
| Defendant/Counter-Plaintiff, | ) ) |
| v. | ) ) |
| THOR INDUSTRIES, INC., | ) ) |
| Counter-Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Heartland Recreational Vehicles, LLC ("Heartland") and Thor Industries, Inc.'s ("Thor Industries") Motion to Dismiss Forest River, Inc.'s ("Forest River") counterclaims for abuse of process and conspiracy to abuse process.[1] For the reasons that follow, the Motion to Dismiss [DE 21] filed by Heartland and Thor Industries (collectively "the Counter-Defendants") is hereby GRANTED.

## PROCEDURAL BACKGROUND

On June 14, 2011, Heartland commenced this litigation by filing a complaint alleging that Forest River infringed upon Heartland's United States Patent No. 7,878,545 ("'545 patent") [DE 1 at 2]. Heartland alleged that Forest River's making, using, selling, offering for sale, or supplying travel trailers, specifically Forest River's Silverback product, are infringing upon Heartland's '545

---

[1] The Court often refers to both counterclaims simply as the abuse of process claim since the conspiracy claim is based on the same underlying conduct as the abuse of process claim.

patent in violation of 35 U.S.C. § 271. *Id*. Heartland requested that the Court enter a judgment in its favor and against Forest River, providing Heartland with the following relief: (1) adjudge that Forest River infringed upon the '545 patent; (2) issue injunctive relief prohibiting Forest River from further infringement; (3) award damages for patent infringement and prejudgment costs and interest; (4) adjudge that Forest River's infringement was wanton, willful, and deliberate thereby allowing the trebling of damages pursuant to 35 U.S.C. § 284; and (5) award reasonable attorneys' fees and any other relief the Court deems just and proper. *Id*. at 3.

In response to Heartland's complaint, Forest River filed an amended answer and counterclaim on September 1, 2011 [DE 13]. Therein, Forest River alleged that Heartland and Thor Industries committed the tort of abuse of process and conspired with each other to abuse process by bringing patent litigation claims against Forest River based upon unlawful ulterior purposes for which said claims were not intended [DE 13 at 6-7]. Consequently, Forest River requested that this Court enter judgment against Heartland and dismiss Heartland's infringement claim [DE 13 at 13].

In response to Forest River's counterclaim, the Counter-Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 21]. In the Motion to Dismiss, the Counter-Defendants claim that: (1) Forest River's allegations fail to plausibly suggest that Heartland did not file this lawsuit for the legitimate purpose of obtaining injunctive and monetary relief; (2) the alleged "ulterior unlawful motives" ascribed to Heartland are legitimate byproducts of a patent infringement suit; (3) Forest River failed to plead that Heartland committed an improper act of process; and (4) because Forest River's abuse of process counterclaim against Heartland fails to state a legally cognizable claim, the counterclaim against Thor Industries for conspiracy to abuse process fails as well. *Id*. Thus, the Counter-Defendants now request that this Court dismiss with

prejudice Forest River's counterclaim in its entirety. *Id.* With the response [DE 27] and reply [DE 31] filed, the matter is ripe for ruling.

The Court has federal question jurisdiction over Heartland's claim for infringement of the '545 patent brought pursuant to 35 U.S.C. § 271 *et seq*. *See* 28 U.S.C. § 1331. Given that Forest River's abuse of process claim is based on Heartland's conduct in bringing this underlying action for infringement of the '545 patent, no one disputes that this Court has supplemental jurisdiction over the state law claim for abusing process which forms part of the same case or controversy as the infringement claim. *See* 28 U.S.C. § 1367(a); *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008) (holding that a district court has supplemental jurisdiction over state claims pursuant to § 1367(a) so long as they "derive from a common nucleus of operative fact" with the original federal claim; even a loose factual connection is generally sufficient) (citations omitted); *see also Pochiro v. Prudential Ins. Co. of Am.,* 827 F.2d 1246, 1252-53 (9th Cir. 1987) (wherein an employer sued a former employee for misappropriation of confidential customer information and the employee brought an abuse of process claim against the employer, and the court noted that the employee would have to demonstrate that the employer had a wrongful purpose in pursuing its action, and the presence of a legitimate justification for that action (suing to enjoin the employee from unfairly competing with the employer) would greatly influence the determination of whether the employer's purpose was wrongful; therefore, the Court determined that the similarity of the facts necessary for the determination of both actions revealed that the employer's substantive claims and the employee's abuse of process claim were "offshoots of the same basic controversy between the parties"). Because the Court is exercising supplemental jurisdiction over a state law claim, the Court is bound to apply the substantive law of the forum state—in this case, Indiana. *See Houben v. Telular Corp*.,

309 F.3d 1028, 1032 (7th Cir. 2002).

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Generally speaking, when considering a Rule 12(b)(6) motion to dismiss, courts must inquire whether the complaint satisfies the "notice-pleading" standard. *Indep. Tr. Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide "fair notice" of the claim and its basis. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citations omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citation omitted).

In recent years, the Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, if there are well-pleaded factual allegations, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley v. City of Chi.*, 671 F.3d. 611, 615 (7th Cir. 2011) (citing *Iqbal* and *Twombly*). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (citations omitted). However, a plaintiff's claim need only be plausible, not probable. *Indep. Tr. Corp.*, 665 F.3d at 935 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough fact to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *see Iqbal*, 556 U.S. at 679 (citation omitted), and the Court will assess Forest River's counterclaim accordingly.

Additionally, Rule 10(c) describes the type of materials that can be considered to be part of a pleading:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10(c). This means that a court can consider for purposes of a Rule 12 motion, documents that are attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claims. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *see Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can

be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.") (citations omitted). Where a complaint refers to a document but does not incorporate it, a party may submit a copy of the document to support or oppose a motion to dismiss as long as the document is "central" to the complaint. *See, e.g., Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). To oppose dismissal, a plaintiff may also use a brief or even an affidavit to elaborate on the allegations in the complaint without converting the motion to one for summary judgment. *See Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (plaintiff opposing dismissal may supplement the complaint with factual narration in an affidavit or brief, and if the extra assertions make out a claim, then the complaint stands).

**FACTUAL BACKGROUND**

At this stage, the Court construes Forest River's abuse of process counterclaims in the light most favorable to Forest River, accepts all well-pleaded facts as true, and draws all inferences in Forest River's favor, and confines its review to the type of materials that can be considered when ruling on a motion to dismiss.[2]

**Allegations in the Counterclaim**

The present case is the fifth of five lawsuits currently pending between Forest River and Heartland—competitors in the manufacturer of travel trailers. On June 14, 2011, Heartland sued Forest River claiming that Forest River infringed upon Heartland's '545 patent. In response, on

---

[2]The Court's prior statements, made in the context of considering consolidation and not restrained by the parameters of a motion to dismiss, should not be taken out of context. For instance, the Court's assertion that Forest River's counterclaims in this case "appear" to be based on conduct that Thor Industries and Heartland *allegedly* engaged in throughout the course of the various lawsuits [DE 20 at 13], was made when considering the issue of consolidation at a time when the Court was not limited by the type of documents that could be considered.

September 1, 2011, Forest River filed an answer and counterclaims against Thor Industries and Heartland (a wholly owned subsidiary of Thor Industries [DE 13 at ¶ 16]) for allegedly committing the tort of abuse of process and conspiring to abuse legal process [DE 13].

In its counterclaim, Forest River identifies the actions of the Counter-Defendants which allegedly support Forest River's claim for abuse of process, as follows: filing the present lawsuit alleging infringement of the '545 patent; filing and maintaining the pendency of the continuation patent application number 12/967,836 ("'836 application") (which has the same specification as the '545 patent and is directed to the same alleged invention); seeking discovery from Forest River related to the invalidity and unenforceability of the '545 patent to aid in the prosecution of the '836 application before the United States Patent and Trademark Office (USPTO) ultimately making it more difficult to invalidate or render unenforceable the patent issuing from the '836 application; refusing to participate in discovery sought by Forest River in this lawsuit (including the failure to attend the August 1, 2011 deposition and produce any documents requested) so as to delay a decision on the merits of the '545 patent because a ruling on the merits could adversely affect the prosecution of the '836 application and the value of Thor Industries' capitalized assets; using this lawsuit to support SEC filings that contain an unreasonably high apportionment of the purchase price paid to acquire Heartland to the value of the '545 patent and the '836 patent application as capital assets, instead of goodwill (in order to provide Thor Industries with significant tax and accounting advantages and present a more favorable financial outlook to its investors, stockholders and/or creditors); and, intending to use the issuance of the patent from the '836 application to threaten suit against others for infringement and to dismiss the present lawsuit by means of a limited covenant not to sue [DE 13 at ¶¶ 21-32].

**Supplementation of Counterclaim Allegations**

Forest River does not rest solely on its counterclaim [DE 13]. In opposing the Counter-Defendants' motion to dismiss, Forest River submitted exhibits outside of its amended answer and counterclaim, including:

(1) Forest River's memorandum which was filed in response to a summary judgment motion in a different case, 3:08-cv-490 [DE 27-1 Exhibit A];

(2) Forest River's notice of deposition, subpoena for the production of documents, and request for the production of monetary damage documentation [DE 27-2 Exhibit B; DE 27-3 Exhibit C; DE 27-9 Exhibit I, respectively];

(3) excerpts from the deposition of Heartland founder and '545 patent inventor Mr. John Rhymer and his signed declaration, along with an exhibit of alleged prior art which Heartland did not let Mr. Rhymer testify about during his deposition [DE 27-4 Exhibit D; Exhibit 27-5 Exhibit E; Exhibit 27-6 Exhibit F; Exhibit 27-7 Exhibit G]; and finally,

(4) an excerpt for Mr. Brian Brady's deposition discussing the invalidity of the '650 patent which allegedly resulted in the covenant not to sue in case 3:08-cv-490 [DE 27-8, Exhibit H].

Counter-Defendants object to Forest River's "allegations that were neither expressly stated nor implicitly referenced in the pleadings" without identifying the allegations (or supporting documents) to which they object [DE 31 at 5 n.2]. In any event, after conducting a thorough review of Forest River's counterclaim and memorandum in opposition to dismissal, the Court will rely on Forest River's exhibits, as follows.

(1) Forest River offers its memorandum in response to a summary judgment motion which was filed in a different case, 3:08-cv-490 [DE 27-1 Exhibit A], in order to show: (a) that Heartland

used subpoenas to force third party individuals, Mr. Tuttle and Mr. Lantz, to give information to Heartland that could be used to support a "later patent"; and (b) that Heartland abused process before the USPTO by submitting a false declaration of inventorship of United States Patent No. 7,278,650 to the USPTO [DE 27 at 2].

Relative to Forest River's submission of the 3:08-cv-490 memorandum to show that Heartland used subpoenas to force third party individuals to provide Heartland with information to support a later patent, even assuming the "later patent" involves a patent or patent application in this case, Forest River's counterclaim fails to allege that Heartland abused process by forcing *third parties* to provide such information. Even construing Forest River's counterclaim in its favor, the only inference that can be drawn from the allegations in the counterclaim is that Forest River complained about discovery and evidence (or trade secret information) that Heartland sought and would receive *from Forest River*. Because demands on third parties for discovery/information were not referred to or central to Forest River's counterclaim in any fashion, the Court will not consider the same. In addition, the same 3:08-cv-490 memorandum indicates that Forest River uses these same facts to support an allegation of abusing process against the same entity in the co-pending consolidated cases (3:08-cv-490, 3:09-cv-302, 3:10-cv-409).

To the extent that Forest River offers its summary judgment memorandum from 3:08-cv-490 to show that Heartland abused process before the USPTO by submitting a false declaration, Forest River never mentioned in its counterclaim that Counter-Defendants abused process before the USPTO in this manner. As a result, the exhibit, which is not critical to the counterclaim or referred to in it, cannot be used to oppose the motion to dismiss. Even if the Court were to consider the exhibit to prove the submission of a false declaration to the USPTO, filings made with the USPTO

9

do not involve "process" or use of the judicial system for purposes of a state claim for abusing process. *See infra*. Of further note, the document would not assist Forest River here given that a state tort action for abuse of process cannot be invoked as a remedy for inequitable or other unsavory conduct of parties to proceedings in the USPTO. *See Abbott Labs. v. Brennan*, 952 F.2d 1346, 1355-57 (Fed. Cir. 1991). Instead, Federal patent law already provides an avenue of relief for alleged misconduct before the USPTO, such as unenforceability of the patent, *see* 35 U.S.C. § 282, and attorney fees in an exceptional case, *see* 35 U.S.C. § 285; *see also MarcTec, LLC v. Johnson & Johnson,* 664 F.3d 907, 916 (Fed. Cir. 2012) (a case may be deemed exceptional under § 285 where there has been "willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions"; absent litigation misconduct or misconduct in securing the patent, a district court can award attorney fees under § 285 only if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless).

(2) Forest River provides the notice of deposition, subpoena for the production of documents, and request for the production of monetary damage documentation [DE 27-2 Exhibit B; DE 27-3 Exhibit C; DE 27-9 Exhibit I, respectively] in support of its accusation that Counter-Defendants have abused process by refusing to participate in the discovery process thereby causing delay in a decision on the merits [DE 27 at 3]. This allegation is certainly alleged in and central to Forest River's counterclaim [DE 13, ¶ 28], and therefore the Court will allow Forest River to elaborate on said allegations by considering these documents without converting the motion to one for summary judgment.

(3) Forest River provided an excerpt from the deposition of Mr. John Rhymer and his signed

10

declaration [DE 27-4 Exhibit D; Exhibit 27-5 Exhibit E] for purposes of showing that Heartland provided the USPTO with a false declaration to convince the USPTO to grant the '545 patent [DE 27 at 4]. However, Forest River admits that this alleged abused process "did not occur before this Court" [DE 27 at 4]. Again, Forest River's counterclaim in the present case does not permit an inference that it ever alleged that Heartland abused process before the USPTO by submitting a false declaration. As a result, the exhibits cannot be used to oppose the motion to dismiss. In any event, consideration of these documents would not change the outcome of this order given that documents provided the USPTO do not involve "process" or use of the judicial system for purposes of a state claim for abusing process. *See infra*. In addition, the documents would not assist Forest River in defending against the present motion given that the federal administrative process of examining and issuing patents, including proceedings before the USPTO, is not subject to collateral review in terms of the common law tort of abuse of process. *See Abbott Labs.*, 952 F.2d at 1355-57.

On the other hand, the Court will consider Heartland's refusal to let Mr. Rhymer look at prior art during his deposition [Exhibit 27-6 Exhibit F; Exhibit 27-7 Exhibit G], because these exhibits provide further support for Forest River's claim that Counter-Defendants have refused to participate in the discovery process thereby causing delay in a decision on the merits [DE 27 at 4-5]—an allegation which is certainly alleged in and central to Forest River's counterclaim [DE 13, ¶ 28].

(4) Forest River provided the excerpt of Mr. Brady's deposition alleged to have resulted in his signing the covenant not to sue in case 3:08-cv-490 [DE 27-8, Exhibit H] to support its assertion that Counter-Defendants will seek discovery from Forest River concerning invalidity and unenforceability, and then Counter-Defendants will evade a decision on the merits by filing a covenant not to sue [DE 27 at 6]. No doubt Forest River referred to these tactics in its counterclaim,

11

and therefore the Court will consider the exhibit given that it was referenced in and is central to Forest River's counterclaim for abuse of process [DE 13, ¶¶ 23, 27].

The exhibits the Court has determined that it will consider for the purposes for which they were offered provide background and context to Forest River's allegations, but do not bring forward additional or new facts that would require conversion of the motion into one for summary judgment.

It is based on these factual allegations that Forest River claims that Counter-Defendants abused legal process and forced the disclosure of Forest River's trade secrets in the context of a lawsuit which was not intended by Heartland to be the real "case in controversy" between the parties [DE 27 at 2]. Forest River believes that the acts of the Counter-Defendants "were conducted for the purpose of benefitting the patent expected to issue from the '836 application and the financial interests of Thor and Heartland related thereto." *Id*.

## DISCUSSION

Heartland and Thor Industries argue that Forest River fails to state a claim for which relief may be granted with regard to Forest River's claims for abuse of process and conspiring to abuse process pursuant to Indiana law.[3] For the reasons below, the Court agrees.

Under Indiana law, an action for abuse of process requires a "finding of misuse or misapplication of process, for an end other than that which it was designed to accomplish." *Watson*

---

[3]Despite Forest River's repeated reference to "sham litigation" in its response brief [DE 27], it is clear that Forest River makes these statements to support its sole claim under state law for abuse of process [DE 13 at 6-13; DE 27 at 10-15]. In this case, Forest River's allegation of abused process (and the state law and facts it provides in support), is unlike Forest River's claim for violation of antitrust laws as alleged in case 3:09-cv-302 [DE 45 at 19-23], now consolidated with cases 3:08-cv-490 and 3:10-cv-409. *See, e.g., Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc*., 508 U.S. 49, 60 (1993) (sham litigation consists of bringing a lawsuit that is objectively meritless such that "no reasonable litigant could expect success on the merits" and it must be found that "the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor"); *C.R. Bard, Inc. v. M3 Sys., Inc.,* 157 F.3d 1340, 1368-69 (Fed. Cir. 1998) (conduct prohibited under antitrust law includes bringing suit to enforce a patent with knowledge that the patent is invalid or not infringed, and the litigation is conducted for anti-competitive purposes).

*v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. Ct. App. 2005) (citation omitted). In order to prevail upon a claim of abuse of process, a party must prove the existence of the following elements: (1) that the Counter-Defendants acted with an ulterior purpose or motive and (2) committed a willful act in the use of process not proper in the regular conduct of the proceeding.[4] *Kalwitz v. Kalwitz ,* 934 N.E.2d 741, 753 (Ind. Ct. App. 2010) (citing *Watson*, 822 N.E.2d at 1029); *Wells v. Bernitt,* 936 N.E.2d 1242, 1252-53 (Ind. Ct. App. 2010) (citing *Watson*, 822 N.E.2d at 1029); *see Miller v. Schrader,* No. 1:08-cv-189, 2010 WL 4363180 *7 (N.D. Ind. Oct. 27, 2010) (Moody, J.) (citing *Kalwitz,* 934 N.E.2d at 753). The second element, stated differently, involves an inquiry as to whether the use of process was a legitimate use of the judicial system. *Kalwitz*, 934 N.E.2d at 753 (citations omitted). If a party's "acts are procedurally and substantively proper under the circumstances then his intent is irrelevant." *Watson*, 822 N.E.2d at 1029 (citing *Reichhart v. City of New Haven*, 674 N.E.2d 27, 31 (Ind. Ct. App. 1996)). Put another way, a party may not be held liable for abuse of process if the "legal process has been used to accomplish an outcome which the process was designed to accomplish," even though done with bad intentions. *Id.*

According to the Indiana Court of Appeals, a restrictive view of the term "process" has been rejected. *See, e.g., Reichhart*, 674 N.E.2d at 31-32 (citing *Groen v. Elkins*, 551 N.E.2d 876, 878 n.3

---

[4]The parties provide the same elements for an abuse of process claim under Indiana law [DE 22 at 4-5; DE 27 at 10-11], and it is clear that Forest River is not asserting a claim for malicious prosecution. Although both claims are designed to discourage litigants from bringing baseless actions and serve to protect and compensate injured individuals when deterrence fails, *see Loparex, LLC v. MPI Release Technologies, LLC*, 964 N.E.2d 806, 818 (Ind. 2012), a malicious prosecution action requires the original action to be terminated in favor of the party alleging malicious prosecution. *See City of New Haven v. Reichhart,* 748 N.E.2d 374, 378 (Ind. 2001) (holding that there are four elements of a malicious prosecution claim: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor).

(Ind. Ct. App. 1990). The Indiana courts have said:

> "Process" should not be "limited to the strict sense of the term, but [should be] broadly interpreted to encompass the entire range of 'procedures' incident to litigation . . . . This broad reach of the 'abuse of process' tort can be explained historically, since the tort evolved as a 'catch-all' category to cover improper uses of the judicial machinery . . ."

*Reichhart*, 674 N.E.2d at 31 (quotation and citation omitted). Further, "process" is described as use of the "judicial machinery." *Id.* at 32 (quoting *Groen*, 551 N.E.2d at 878 n.3). Thus, process "is given an expansive definition and includes actions undertaken by a litigant in pursuing a legal claim." *Id.* Consequently, a plaintiff may allege an abuse of process claim premised upon not only the filing of a complaint but also upon other uses of the judicial process. *See, e.g., Brooks v. Harding,* No. IP98-1200-C-T/G, 2001 WL 548098 *5 (S.D. Ind. Mar. 30, 2001).

It is readily apparent that some of Forest River's alleged uses of process do not constitute the use of process at all, let alone the abuse of process. Again, "process" means the procedures incident to litigation or use of the judicial machinery. *See Reichhart*, 674 N.E.2d at 31-32. Of the alleged instances of use of process, the only possible uses of process are Heartland's filing the present action on June 14, 2011 against Forest River for infringement of the '545 patent and Heartland's seeking discovery from Forest River related to the invalidity and unenforceability of the '545 patent.

Neither the filing and maintaining a continuation patent before the USPTO (for whatever motive) or filing documents with the SEC (whose contents are supported by this lawsuit) constitute judicial procedures. Forest River has provided no case law to the contrary, and these allegations cannot support a claim for abusing process given that the acts do not involve use of the judicial system.

Moreover, the Court fails to see how Counter-Defendants "anticipated" dismissal of this lawsuit by means of a limited covenant not to sue or intent to threaten others with future infringement suits based on future patents—events which Forest River speculates will happen at some unknown point in the future—can constitute use of the judicial process or actions undertaken by the Counter-Defendants in pursuing a legal claim. Once again Forest River has provided no legal support to indicate that speculated future actions can support a claim for having abused process. In fact, the law suggests quite the opposite. *See Brown v. Robertson*, 92 N.E.2d 856, 858 (Ind. Ct. App. 1950) (the distinctive nature of an action for abuse of process is that it lies for the improper use of process *after it has been issued*) (emphasis added). Even if future conduct could provide a basis for abuse of process, seeking the voluntary dismissal of a lawsuit, even if by way of a covenant not to sue during the course of patent litigation, is a legitimate use of the judicial system, *see Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007); *Highway Equip. Co. v. FECO, Ltd.,* 469 F.3d 1027 (Fed. Cir. 2006); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), *overruled on other grounds*; *MedImmune, Inc. v. Genentech, Inc.*, 535 F. Supp. 2d 1000 (C.D. Cal. 2008); *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645 (M.D. Pa. 2008), and pursuing litigation to defend a patent is a valid and legitimate form of the judicial process. *See* 35 U.S.C. §§ 271 and 281 ("[a] patentee shall have remedy by civil action for infringement of his patent."). Such a regular and legitimate use of process, even if committed with an ulterior motive or bad intention, is not an abuse of process. *See Broadhurst v. Moenning,* 633 N.E.2d 326, 333 (Ind. Ct. App. 1994). Forest River has no claim against the Counter-Defendants for abuse of process based on their identified anticipated conduct.

Lastly, Heartland's failing to provide discovery or participate in discovery, is similarly not

an action which abuses process, but instead it is inaction. Forest River has not provided this Court with any legal authority suggesting that delayed responses in discovery, failure to attend a deposition, or refusal to testify to certain matters during a deposition constitute a basis for an abuse of process claim. Instead, the normal recourse against a party who abuses the discovery process is to seek sanctions or a motion to compel in the trial court. *See Watters v. Dinn*, 633 N.E.2d 280, 289 (Ind. Ct. App. 1994) (noting that the "normal recourse against a party who abuses the discovery process is to seek sanctions in the trial court," and while a party's failure to comply with the trial rules may be sanctionable, it does not in itself constitute a tortious abuse of process). In fact, accepting Forest River's position would result in the viability of an abuse of process claim in virtually every case in which one party refuses to participate in the discovery process in a manner that satisfies the opposing party's expectations. *See, e.g., Spring Lake Chapter of Izaak Walton League of Am., Inc. v. Ind. Div. of Izaak Walton League of Am., Inc.,* 877 N.E.2d 228 (Ind. Ct. App. 2007) (table) (noting that an action for abuse of process is not designed to redress all instances of wrongdoing in the course of discovery or trial; rather, an action for abuse of process requires a finding of misuse or misapplication of process for an end other than that which it was designed to accomplish) (citing *Watson*, 822 N.E.2d at 1029). In this case, Forest River has not sought or received an order compelling discovery or allowing sanctions, *see* Fed. R. Civ. P. 37; N.D. Ind. L.R. 37-1, and its counterclaim based on the Counter-Defendants inaction or failure to fully participate in the discovery process does not support a state law claim for abuse of process.

Ultimately, Forest River's counterclaim therefore hinges on its allegations concerning Heartland's filing of this case for infringement of the '545 patent and Heartland's seeking discovery from Forest River in this case related to the invalidity and unenforceability of the '545 patent. Upon

16

examining Forest River's counterclaim and supplemental brief, the Court finds that its allegations have not sufficiently established for purposes of a motion to dismiss that the Counter-Defendants use of process in either situation was either procedurally or substantively improper.

Although Forest River alleges, and the Court assumes for purposes of this discussion, that Heartland has an ulterior purpose or motive behind the filing of this lawsuit and seeking discovery related to the invalidity and unenforceability of the '545 patent—such as, wanting Forest River to divulge prior art or hoping to increase the value of the patent and patent application[5]—Forest River has failed to sufficiently allege the use of process not proper in the regular course of the proceeding. It is undisputed that Heartland has indicated that it is the assignee of patent '545 and that Heartland claims that Forest River is infringing upon that patent, including Forest River's making and selling its Silverback product [DE 13 at 3-4]. The actions of filing a lawsuit to enforce one's patent and seeking discovery on anticipated defenses involve legitimate uses of the judicial system. 35 U.S.C. §§ 271 and 281; Fed. R. Civ. P. 26(b)(1) (absent court order, parties may obtain discovery regarding any nonprivileged matter "that is relevant to any party's claim or defense"); *see Roberts v. Sears, Roebuck & Co.*, 723 F.2d 1324, 1331 (7th Cir. 1983) (in a patent infringement suit, the defendant may challenge the validity of the patent or any claim thereof, and in doing so, the infringement issue is not reached). To hold that an abuse of process claims lies in a patent holder's filing of a lawsuit for monetary and injunctive relief to halt suspected infringing activity of a presumptively valid patent,[6] or that an abuse of process claim can be sustained when a patent holder seeks discovery during the course of the patent infringement lawsuit relative to the patent's invalidity or

---

[5]Likely inevitable consequences of any patent infringement litigation.

[6]Forest River's assertion that Heartland is not entitled to the presumption of validity under 35 U.S.C. § 282 [DE 27 at 7 n.4], does not defeat Heartland's ability to file a patent infringement lawsuit and seek relevant discovery.

unenforceability,[7] would inappropriately curtail the rights of patent holders and Congress' intent to promote the progress of science and useful arts.[8] Because Counter-Defendants are using the legal process to accomplish an outcome which the process was designed to accomplish,[9] Counter-Defendants may not be held liable for abuse of process under the allegations asserted by Forest River. *See Watson*, 822 N.E.2d at 1029 (citing *Reichhart*, 674 N.E.2d at 31).

The Court notes that should it be determined that the Counter-Defendants maintained this action with improper purpose, then Forest River is not without remedy. *See, e.g.,* 35 U.S.C. §§ 282 and 285; Fed. R. Civ. P. 11.

Finally, Forest River agrees that if it fails to state a claim for abuse of process, then its claim for damages based on Counter-Defendants alleged conspiring to abuse process likewise fails [DE 27 at 15]. Because the Court has determined that Forest River failed to state an abuse of process claim, the conspiracy claim based on the same underlying allegations is similarly dismissed for failure to state a claim upon which relief can be granted. *See Young-Smith v. Bayer Health Care, LLC*, No. 3:07cv629, 2008 WL 2444554 *9 (N.D. Ind. June 13, 2008) (because plaintiff is unable to establish the underlying unlawful act the related conspiracy claim also fails); *Huntington Mortg. Co. v. DeBrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998) (holding that the civil conspiracy claim

---

[7]In fact, Forest River believes that it now has more prior art information with which it can prove the invalidity of the patents sought for this invention [DE 27 at 6].

[8]In *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979), the Supreme Court explained the purposes of the Act:
> First, patent law seeks to foster and reward invention; second, it promotes disclosure of inventions, to stimulate further innovation and to permit the public to practice the invention once the patent expires; third, the stringent requirements for patent protection seek to assure that ideas in the public domain remain there for the free use of the public.

[9]In fact, Forest River has stated that it "expressly invites Counter-Defendants to enforce the '545 patent in this lawsuit, through to a judgment . . .[because] Forest River expressly wants to invalidate that patent and cannot do so unless and until Counter-Defendants actually do seek to enforce it." [DE 27 at 13].

18

failed where plaintiff could not show unlawful act or unlawful means).

Not only do Forest River's allegations fail to establish a legally cognizable claim for abusing process, but Forest River's counterclaims are riddled with conclusory statements and allegations unsupported by facts, and are simply not enough to withstand the standard established by *Twombly/Iqbal.* Pleadings, such as Forest River's, consisting of no more than mere conclusions are not entitled to the assumption of truth—this includes legal conclusions couched as factual allegations and threadbare recitals of the elements of a cause of action supported by mere conclusory statements. *See Iqbal*, 556 U.S. at 678-79 (citing *Twombly*). For instance, Forest River accuses Counter-Defendants of abusing process by filing this lawsuit and seeking relevant discovery so that presumptively Counter-Defendants will benefit from the same in the future. But if these suppositions (unsupported by any facts) were sufficient to state a claim, an abuse of process claim would lie in every lawsuit. In sum, Forest River's claims for abuse of process and conspiring to abuse process are not supported by factual content that plausibly suggests that Counter-Defendants are liable for the misconduct alleged, nor that discovery will yield evidence supporting the allegations.

The Court notifies the parties that sanctions could be imposed should any party continue to pursue claims without legal support or based on nothing but conjecture and speculation. *See* Fed. R. Civ. P. 11(b) ("by presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the party's pleading is not presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," **"the claims, defenses, and other legal contentions are warranted**

**by existing law," and the factual contentions "have evidentiary support."**); Fed. R. Civ. P. 11(c) (authorizing the court to impose sanctions for a violation of Rule 11(b) after notice and a reasonable opportunity to respond).

## CONCLUSION

Heartland Recreational Vehicles, LLC and Thor Industries, Inc.'s Motion to Dismiss Forest River, Inc.'s counterclaims for abuse of process and conspiracy to abuse process is hereby GRANTED [DE 21], consistent with Fed. R. Civ. P. 12(b)(6) authorizing the dismissal of claims that fail to set forth a claim upon which relief can be granted. Forest River, Inc.'s counterclaims for abuse of process and conspiracy to abuse process are dismissed without prejudice.

SO ORDERED.

ENTERED:  September 12, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court